770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.J. SIMPSON, PLAINTIFF-APPELLANT,
v.
PERRY JOHNSON, DIRECTOR OF CORRECTIONS, STATE OF MICHIGAN;
DUANE SHOLES, SECURITY CLASSIFICATION DIR., STATE PRISON OF
S. MICHIGAN AT JACKSON; THEODORE KOEHLER, WARDEN; ROBERT
MALETTE, DEPUTY WARDEN SECURITY CLASSIFICATION DIR.; TOM
OSIER, PROGRAM CLASSIFICATION AND BRANCH PRISON AT
MARQUETTE, MICHIGAN, IND. AND IN THEIR OFFICIAL CAPACITIES,
DEFENDANTS-APPELLEES.
 NO. 84-1747
 United States Court of Appeals, Sixth Circuit.
 7/15/85
 
 W.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: KEITH, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant is presently serving a life sentence in Michigan for the murder of a sheriff's deputy. In 1970, the appellant was serving a 20 to 40 year sentence for armed robbery. While being transported between prisons, the appellant broke free from his handcuffs and killed deputy Frank J. Crampton. Simpson was not heard from again until 1978. In July of that year, he was extradited from Great Britain to stand trial for the murder.
 
 
 3
 Simpson is appealing the district court's entry of summary judgment dismissing his 42 U.S.C. Sec. 1983 action. The action is based upon the contention that the appellant's right to due process is being violated by the continual referral to the 1970 escape in his Michigan prison classification records. He requests declaratory, injunctive, and monetary relief. The appellant complains that reference to the escape is not proper because he has never been charged with escape nor convicted of that offense. He also argues the escape reference adversely affects his visiting privileges, job assignments, use of library materials, transfer to less secure facilities, and rehabilitation. The district court dismissed the action on the basis of res judicata and because the state has satisfied due process requirements set forth by state law.
 
 
 4
 Not every substantial deprivation imposed by prison authorities triggers procedural due process protection. Meachum v. Fano, 427 U.S. 215 (1976). In the federal system, absolute discretion is vested in the attorney general regarding classification of lawfully convicted prisoners, and there is no statutory obligation to exercise this discretion. Thus, the interest regarding prison classification is too tentative to be afforded procedural due process protection. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Pugliese v. Nelson, 617 F.2d 916 (2nd Cir. 1980). The states, however, may create a liberty interest by restricting a prison official's discretion. Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980).
 
 
 5
 The district court correctly held that the state's compliance with its own procedural safeguards adequately protected the appellant's rights. Under Michigan law, the appellant was due a hearing on the security classification. Mich. Comp. Laws Anno. Sec. 791.251(2)(b). The appellant has received this hearing.
 
 
 6
 Furthermore, as pointed out in the district court's opinion, the escape was properly considered by the Michigan authorities. The classification board is permitted to refer to all information on the inmate. Mich. Admin. Code R. 791.4401. Even though the appellant was not convicted of escape, it was clear he committed the murder while escaping. The conviction speaks for itself. He is attempting to take technical refuge in the fact he was not convicted of the crime of escape. As shown above, Michigan law does not oblige him.
 
 
 7
 Accordingly, the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.